UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN SHARMA, | No. 2:13-cv-2398 DAD P |
| Plaintiff, | |
| v. | ORDER |
| DEBORAH K. JOHNSON, et al. | |
| Defendants. | |

**BACKGROUND**

Plaintiff is a prisoner serving a life sentence of imprisonment imposed by the U.S. District Court for the Middle District of Florida on two counts of criminal civil rights violations in connection with the death of Richard Delano. See United States v. Sharma, No. 6:09-cr-0001-PCF-GRJ-1 (M.D. Fla.). This court's docket lists the Central California Women's Facility (CCW) in Chowchilla as plaintiff's current place of incarceration.[1]

In October 2013, plaintiff filed a civil action in the Middle District of Florida, using that court's Civil Rights Complaint Form. (Doc. No. 1.) The complaint names three defendants: two

---

[1] CCW is operated by the California Department of Corrections and Rehabilitation (CDCR) in Madera County, which is located in this court's Fresno Division. Accordingly, this action normally would have been assigned to this court's Fresno Division upon receipt. However, the court will keep the case in the Sacramento Division, in the interest of judicial efficiency. It appears that although plaintiff was convicted of a federal offense in U.S. District Court, she is currently being housed in a CDCR facility due to the nature of her offense of conviction.

1

1  officials with the U.S. Bureau of Prisons (BOP), both of whom are stationed in Sacramento,
2  California, and the warden at CCW.  On November 15, 2013, the federal district court in Florida
3  transferred the case to this court.  (Doc. No. 2.)  Plaintiff has since consented to the magistrate
4  judge's jurisdiction over this action, pursuant to 28 U.S.C. § 636(c).

5       The complaint's primary concern appears to be the federal criminal case in which plaintiff
6  was convicted and sentenced to life in prison.  Plaintiff alleges that during a "preliminary
7  interview" with Agent S. A. Raby of the FBI and an unnamed Assistant U.S. Attorney, she was
8  "coerced . . . into giving false statements and speaking without representation," was not advised
9  of her Miranda rights, and did not waive her rights "as indicated by the FBI interview report."
10 (Complaint (Doc. No. 1) at 5.)

11      Plaintiff also makes allegations addressing some conditions of her confinement at CCW.
12 Her complaint states that she is "being illegally denied contact with my daughter and family," but
13 it offers no detail as to why she believes denial of such contact is illegal.  (Id. at 6.)  The
14 complaint refers to "a court-ordered mandate to reduce [California's] prison population and end
15 prison overcrowding" and alleges that an expected "influx of prisoners" will render the CCW
16 facility "unmanagbly [sic] over crowded."  (Id.)  However, plaintiff does not describe any specific
17 injury she has suffered as a result of alleged overcrowding at CCW.  (Id.)  In fact, the complaint
18 includes no claim for damages or for any form of injunctive relief related to the alleged
19 conditions of plaintiff's confinement at CCW.  Instead, in terms of relief plaintiff asks for
20 "immediate release under parol[e] for a period of 4 years" or, in the alternative, transfer to a
21 facility in Florida to be closer to her family.  (Id. at 6-7.)

22                               **ANALYSIS**

23 I.  Screening requirement

24      The court is required to screen complaints brought by prisoners seeking relief against a
25 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
26 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
27 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
28 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

II.   Plaintiff's constitutional claims

The complaint's first claim for relief is based on the alleged non-admissibility of statements plaintiff made to federal investigators and prosecutors before she was charged with criminal civil rights violations in federal court in Florida. Plaintiff first made this argument in 2009, in a pre-trial motion she filed in her criminal case. There, she contended the Fifth and Sixth Amendments barred the introduction her statements into evidence at her trial. See United States,

1  No. 6:09-CR-1-ORL-19GRJ, 2009 WL 152868 (M.D. Fla. Jan. 21, 2009).  The federal district
2  court where her case was pending heard the motion and denied it.

3  Any post-conviction decision overturning the trial judge's ruling on the admissibility of
4  plaintiff's statements would imply the invalidity of her criminal conviction and sentence.  Such a
5  ruling is available only under 28 U.S.C. § 2255, which allows a federal inmate to "move the court
6  which imposed the sentence to vacate, set aside or correct the sentence" if it was imposed in
7  violation of the U.S. Constitution.  "Generally, motions to contest the legality of a sentence must
8  be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location,
9  or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the
10 custodial court."  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (emphasis added).
11 See also Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988) (stating "a section 2255 motion
12 may be brought only in the sentencing court") (emphasis added).  This court is not authorized to
13 review another district court's pre-trial rulings in a criminal case.  Therefore plaintiff's claim that
14 statements she made to federal investigators and prosecutors were improperly admitted into
15 evidence against her in her federal criminal proceedings will be dismissed without prejudice to
16 their being raised in the proper court.

17 As noted, the complaint also mentions overcrowding at CCW.  Although an allegation of
18 overcrowding could support a conditions-of-confinement claim cognizable in a civil rights action,
19 this complaint alleges no injury to plaintiff as a result of overcrowding.  The mere suggestion of
20 overcrowding at CCW is not the basis of any viable constitutional claim.

21 It is conceivable that plaintiff also means to allege that the BOP officials named as
22 defendants are interfering with her ability to receive visits from family members in violation of
23 her rights under the First Amendment.  Any such claim would face numerous hurdles.  First, even
24 assuming a person has a constitutional right to receive visits from family members while
25 incarcerated – and neither the Supreme Court nor the Court of Appeals for the Ninth Circuit has
26 expressly recognized such a right – that right is obviously limited by the fact of incarceration
27 itself.  See Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (upholding constitutionality of prison
28 regulations that excluded certain family members from visiting prisoners and that imposed a two-

4

year ban on all visitation for prisoners who incurred two substance-abuse violations while in prison); Dunn v. Castro, 621 F.3d 1196, 1202 (9th Cir. 2010) (noting that the Ninth Circuit has "declined to recognize a prisoner's constitutional right to receive visits").  Moreover, if an outright ban on prisoner visitation were held to be unconstitutional, the defendants named in that case would likely be entitled to qualified immunity since no such right would have been clearly established at the time of the alleged violation.[2]  See Dunn, 621 F.3d at 1205; Chapman v. Pacholke, No. 12-cv-5116-JPH, 2013 WL 6181254, *3-5 (E.D. Wash. Nov. 26, 2013) (concluding that the defendant corrections officials were entitled to qualified immunity with respect to the prisoner plaintiff's claims that his constitutional rights were violated when he was barred from receiving visits from his children).

Nevertheless, despite these probable impediments, and out of an abundance of caution, the court will grant plaintiff leave to file an amended complaint if she wishes to attempt to pursue her possible claims that her constitutional rights were violated either by overcrowding at her institution of confinement or by restrictions placed on her visitation privileges.

III.  Plaintiff's request for transfer

As noted above, plaintiff does not seek damages in this civil action.  Rather, she seeks release on parole.  Parole no longer exists in the federal criminal justice system having been essentially replaced by supervised release.  Even if parole were available in the federal system,

---

[2] At least with respect to the two BOP defendants, plaintiff would also have to cross the hurdles set by the decision in Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and its progeny.  Bivens recognized an implied right of action against federal agents, such as BOP officials, who allegedly inflict a constitutional injury while acting under color of federal law.  However, a right of action under Bivens applies in "limited settings," Iqbal, 556 U.S. at 675, and the requirements for stating a viable Bivens claim are often less than fully defined.  "The factors necessary to establish a Bivens violation will vary with the constitutional provision at issue."  Id. at 676.  Another district court in California has found that a plaintiff who seeks relief under Bivens must allege that:  (1) a constitutional right was involved; (2) defendants violated that right as it was then established in relevant case law; (3) plaintiff has no effective means other than the judiciary to enforce that right; (4) there are no explicit congressional demands denying recovery; and (5) there are no "special factors counseling hesitation."  Collins v. Federal Bureau of Prisons, No. CV 09-3947-RGK (VBK), 2011 WL 1532041 at *6 (C.D. Cal. Mar. 8, 2011) (relying on Davis v. Passman, 442 U.S. 228, 245-48 (1979)).  The Ninth Circuit has also held that a prisoner must exhaust any available administrative remedies before proceeding with a Bivens action.  Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

the modification sought by plaintiff from a sentence of life in prison to one of "immediate release under parol[e] for a period of 4 years" is available only in the sentencing court by way of appropriate motion.

In the alternative, plaintiff asks for a transfer to a prison in Florida so that she can be incarcerated closer to her family. This court, as the custodial court, is the proper venue for such relief. See Hernandez, 204 F.3d at 864. However, any claim for such relief lies under 28 U.S.C. § 2241, not under one of the federal civil rights statutes. Id. The court therefore construes this part of plaintiff's instant "civil rights complaint" as a habeas petition under § 2241.[3] See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) ("We hold that to the extent Tucker challenges the fact or duration of his confinement, the district court should have construed Tucker's complaint as a petition for habeas corpus under 28 U.S.C. § 2241.")

Petitioner states that she last requested the "administrative remedy" of a transfer to be closer to her family on February 9, 2012. (Complaint at 5-6.) Although not specifically alleged, presumably petitioner made this request of the BOP. Petitioner alleges that her request for transfer was denied "because of 'safety and security concerns,'" but she also states her "belief" that she is "being illegally denied contact with my daughter and family." (Id. at 6.) Petitioner does not identify any constitutional or statutory provision that was violated in the denial of her transfer request.

This court lacks jurisdiction to order the petitioner's transfer to another prison. Title 18 U.S.C § 3621(b) gives the BOP authority to "designate the place of the prisoner's imprisonment" and the discretion to "direct the transfer of a prisoner from one penal or correctional facility to another." Title 18 U.S.C. § 3625 prohibits judicial review of "any determination, decision, or order" that the BOP makes under 18 U.S.C. § 3621. See also Tapia v. United States, ___U.S.___, ___, 131 S. Ct. 2382, 2391-92 (2011). "Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority," review of the BOP's discretionary decisions

---

[3] The court hereinafter refers to Ms. Sharma as "petitioner."

regarding an individual inmate's place of incarceration falls outside federal courts' subject matter jurisdiction. Reeb v. Thomas, 636 F.3d 1224, 1227-29 (9th Cir. 2011).[4]  "The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison[.]" Meachum v. Fano, 427 U.S. 215, 224 (1976).  Thus "[a]n inmate has no constitutional right to be transferred from one facility to another, to avoid such a transfer, to rehabilitation or to unfettered visitation." Reed v. U.S. Bureau of Prisons, No. CV 11-4405 GAF(JC), 2011 WL 5834745 at *4 n.4 (C.D. Cal. Oct. 21, 2011) (citations omitted).

Short of a particularized allegation that the BOP violated federal law in denying petitioner's request for transfer, this court has no authority to hear a petition challenging that decision. Furthermore, although this court often affords habeas petitioners the opportunity to amend a pleading to cure an otherwise insufficient statement of facts or a failure to state a legal claim, doing so in this case would serve no legitimate purpose. This petition fails the "plausibility" test set in Iqbal, which "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. The petition contains no allegation other than petitioner's unsupported "belief" that the BOP's reasons for denying her transfer are illegal – an empty speculation from which the court cannot infer that petitioner's claim suffers merely from a technical pleading deficiency.

A petition is frivolous if it lacks any arguable basis in fact or law. See Nietzke, 490 U.S. at 325-30. In the context of this court's duty to screen habeas petitions, futility and frivolousness are synonymous: amendment of a pleading is futile if there is no set of facts that would, even if proven, constitute a valid claim. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th

---

[4] In Reeb the court addressed an inmate's challenge to his expulsion from the prison's residential drug abuse program (RDAP). Assigning inmates to RDAP is among the BOP's discretionary functions under § 3621, as is deciding whether to transfer an inmate to another facility, and where. The Ninth Circuit's ruling made it clear the BOP's discretionary actions under § 3621 are beyond federal courts' habeas jurisdiction to disturb: "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Reeb, 636 F.3d at 1227. See also English v. Ives, No. 2:11-cv-0010 EFB P, 2012 WL 4038495 at *6 (E.D. Cal. September 12, 2012) (stating that "like the RDAP determination in Reeb, the BOP's decision to deny petitioner's request for a transfer to [a residential reentry center] . . . is a substantive, discretionary determination by the BOP").

Cir.1988). Futility of an amendment can, standing alone, justify denial of the opportunity to file an amended pleading. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995). The court finds any attempt to amend this petition would be futile. Therefore, to the extent plaintiff's complaint is partially construed as a habeas petition brought under 28 U.S.C. § 2241, it will be dismissed without leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent plaintiff's complaint reflects an attempt to state constitutional claims based on the conditions of her confinement within the Eastern District of California, the complaint is dismissed with leave to amend. If plaintiff elects to pursue an action on such a claim, she shall file an amended complaint that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. Any amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint." Plaintiff must file any amended complaint no later than thirty days from the date of this order. If plaintiff does not wish to pursue such claims, she should file a notice of voluntary dismissal of this action. See Federal Rule of Civil Procedure 41(a). Failure to comply with this order in a timely manner may result in an order dismissing this action.

2. To the extent plaintiff's complaint is properly construed as a habeas petition brought under 28 U.S.C. § 2241 seeking an order from this court that she be released or transferred to an institution located in Florida, it will be dismissed without leave to amend.

3. To the extent the complaint seeks to vacate, set aside or correct plaintiff's conviction and sentence or otherwise modify the term of life in prison imposed by the U.S. District Court for the Middle District of Florida, such claims are dismissed without prejudice to plaintiff's right to move for relief under 28 U.S.C. § 2255 in that court.

Dated: June 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
shar2398.ord