UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN SHARMA, | No.  2:13-cv-2398 DAD P |
| Plaintiff, | |
| v. | ORDER |
| DEBORAH K. JOHNSON, et al. | |
| Defendants. | |

Plaintiff is a prisoner serving a life sentence imposed by the U.S. District Court for the Middle District of Florida on two counts of criminal civil rights violations in connection with the death of Richard Delano. See United States v. Sharma, No. 6:09-cr-0001-PCF-GRJ-1 (M.D. Fla.). Pursuant to a contractual agreement between the Bureau of Prisons (BOP) and the California Department of Corrections and Rehabilitation (CDCR), plaintiff is currently housed at Central California Women's Facility (CCW) in Chowchilla.[1]

---

[1] In her amended complaint, plaintiff states that her placement in the California state prison system is "part of a government contract" that enables the BOP to house federal prisoners in state correctional facilities. (First Amended Complaint (Doc. No. 9) at 4.)  This somewhat unusual arrangement is apparently necessitated by plaintiff's professional history:  at the time she committed the underlying federal offense of which she was convicted, she was employed by the BOP as a correctional officer in Florida.  She explains that "it is against the Bureau of Prisons' regulations to house a former correctional officer in a federal prison or near their last work locations[.]"  (Id. at 4.)

I. Background

On June 18, 2014, the court issued an order granting plaintiff leave to amend her complaint only to the extent she intends to seek recovery based on the conditions of her confinement at CCW – that is, to the extent she intends to allege claims under the Eighth Amendment. (Order (Doc. No. 6) at 8.) The court dismissed any claims that were properly construed under 28 U.S.C. § 2255 or § 2241, without leave to amend. (Id.)

II. Screening of plaintiff's amended complaint

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however unartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Although the federal rules adopt a flexible pleading policy, under Federal Rule of Civil Procedure 8(a)(2), a complaint must give fair notice to each defendant and must allege facts that support the elements of each claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.1984). In considering whether a complaint states a claim upon which relief can be granted, the court must accept its allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked

assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

Plaintiff's conditions-of-confinement claim focuses on alleged overcrowding at CCW. (See First Am. Complaint at 2-3.)  However,

> [o]vercrowding itself is not a violation of the Eighth Amendment. It can, under certain circumstances, result in specific effects which can form the basis for an Eighth Amendment violation. Overcrowding can cause increased violence, it may dilute other constitutionally required services such that they fall below the minimum Eighth Amendment standards, and it may reach a level at which the shelter of the inmates is unfit for human habitation.

Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir.1982) abrogated on other grounds, Sandin v. Conner, 515 U.S. 472 (1985).  To state a cognizable civil rights claim, therefore, plaintiff must allege a causal connection between the alleged overcrowding and a specific injury she has suffered or imminently will suffer.  See Roberts v. California Dept. of Corrections, No. 2:13-cv-7461-ODW (JCx), 2014 WL 1308506 at *5 (C.D. Cal. Apr. 1, 2014).  Here, plaintiff has done neither.  Her amended complaint avers generally that overcrowded conditions at CCW have created "a security and a health hazard" (First Am. Complaint at 3), but it alleges nothing specific that has happened or will happen to her along those lines.  Therefore plaintiff's allegations fail to state a cognizable Eighth Amendment claim.[2]

---

[2] Plaintiff also claims she has been "prevented from seeking psychological assistance[.]"  (Id.) Here again, though, she avers no connection between a deprivation of mental health care and overcrowded conditions at CCW.

Furthermore, plaintiff's amended complaint lacks any specific allegation of wrongdoing by any named defendant.  A plaintiff must allege with at least some degree of particularity overt acts in which each defendant engaged that, if proved, would support a cognizable claim that conditions of confinement violate the Eighth Amendment.  <u>Jones</u>, 733 F.2d at 649.  Therefore a complaint must allege in clear and precise terms how each named defendant is involved in creating or perpetuating unconstitutional conditions of confinement.  There can be no liability for a violation of a civil right without some affirmative link or connection between an individual defendant's actions and the alleged violation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

For all of the foregoing reasons, the court finds the first amended complaint does not pass the screening standard set under 28 U.S.C. § 1915A.  The court will provide plaintiff a final opportunity to state a cognizable civil rights claim through a second amended complaint that cures the pleading defects described in this order and in the order of June 18, 2014.   If she chooses to amend her complaint, the court will examine the second amended complaint according to the same screening standards described above and applied in this order.  Plaintiff is further informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, prior pleadings no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that the first amended complaint (Doc. No. 9) is dismissed, with leave to amend.  If plaintiff elects to file a second amended complaint, it must cure the defects described in this order and the order of June 18, 2014; it must also comply with the Federal Rules of Civil Procedure and the Local Rules of Practice.  An amended complaint

1  must bear the case number assigned to this action and must be titled "Second Amended
2  Complaint." Plaintiff must file the second amended complaint no later than thirty days from the
3  date of this order. If plaintiff does not wish to file a second amended complaint, she should file a
4  notice of voluntary dismissal of this action. <u>See</u> Federal Rule of Civil Procedure 41(a). Failure to
5  comply with this order in a timely manner will result in an order dismissing this action.
6   Dated:  September 18, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
shar2398.screen